WHEELER, District Judge.
This suit is brought upon United States patent No. 245,318, dated August 9, 1881, and granted to John Robertson, of Montreal, for an improvement in supply tanks. Canadian patent No. 7,128, dated February 23, 1877, granted to the same inventor for an automatic hydraulic supply tank, and which expired before this suit, is, among other things, set up as a defense, by limitation of this one. The inventor, in the specification of the Canadian patent, says:
“My invention relates to two floating bodies, which are confined within a case that is intended to contain a reservoir of water for the use of water-closets and urinals, or for any other purpose to which it can be made applicable. The action of these two bodies in the ease is as follows: First, the case is filled with water from the supply pipe in the following manner: The pressure of water passing from the supply pipe into the case is regulated by the size of the aperture, where the water passes through into the case, forcing downwards the floating body or ball. As soon as the water rises sufficiently high in the case to float the ball, the valve, which is attached to the top of a spindle fastened onto this ball, closes the small aperture through which the supply flows. The ease is now charged with water, ready for use. The second part of my invention relates to the action of the smaller floating body, to the lower part of which is attached a valve spindle. This valve may be raised up by a connecting rod. or by any other suitable mechanical arrangement. When it is required to draw water out of the case for flushing a water-closet, or for other purposes, it is done by the action of a lever pressing up the valve, which allows the water to rush out of the pipe. This pipe is made of such dimensions that the water rushing out from the case or tank through this pipe to supply the water-closet cannot pass down it as fast as it flows under the *517 valve. There Is, In consequence, an upward pressure of water on the ball, which assists to keep it elevated until the case is sufficiently empty for the ball to lose its floating power. Then it drops and closes the valve. At the same time that the lower ball is raised, the upper ball, being deprived of its floating power, also drops slightly, thus opening the valve, which allows a fresh supply of water to flow into the case, and which continues flowing into it until it floats the ball sufficiently high to again force its valve against the seat, and thus close the communication. By this arrangement there is a continuous automatic action of the ball, by which the case or tank is always kept supplied with water until required for use. I am aware that tanks of different shapes are in use for supplying a head of water for water-closets, and that floating bodies are attached to levers to open and close the valves to the same, but I disclaim such apparatus used in this form, but I claim as my invention the two valve spindles, connected to two balls or floating bodies confined within a water-tight case or tank, for the purpose of regulating, by their automatic action, the admission and discharge of water into closets and urinals, and for similar purposes, substantially as and for the purpose hereinbefore set forth.”
In the specification of this patent, he says:
“The invention consists, first, in combining with the supply tank or cistern a balanced float valve, which is so constructed that when it is on its seat it will not float, but as soon as it is raised off its seat a certain distance the area of the valve seat is added to its floating power, and it will remain floating till the water gets down low enough to uncover an equal area of the valve seat on top of float, when it will descend on its seat, and remain there till raised by the action of the closet handle and trip. The object of the trip in connection with the tank is that, as soon as the floating valve is tripped up, the ball is left free to drop as soon as enough water is run out to uncover the floating valve. The amount of water is regulated by the capacity of the tank and the pressure of the inlet valve. The invention also consists in combining with said balanced float valve another upper float, which by its own movements controls the inflow of water into the tank or cistern, and in further details of improvement, which are hereinafter more fully described.” “The apparatus operates substantially as follows: Supposing the tank to be filled with water to the upper end of the pipe; the float valve to be held to its seat by the loss of its floating power, and weight of water on top of it; the inlet valve to be also closed by the buoyance of the float. If the water is now to be discharged, the lever is moved on its pivot, and the float valve raised, thereby allowing the water to rush down into the pipe. Being once raised, the float valve remains in the elevated position, it being so balanced that the water which is beneath it in the elevated position will have the power of buoying it, or holding it raised. As the water escapes through the pipe the float gradually descends until it rests on the crossbar, dropping the lever, and causing the valve to open, and the inlet pipe to admit water to the tank; but the stream of water which thus enters the tank at the same time that the tank is discharging is smaller than the stream of water which leaves the tank, so that there is no possible danger of the tank becoming refilled while the pipe is open; but, on the contrary, by my arrangement, I am enabled, while the float valve is raised, to draw, not only the actual contents of the tank, but also a suitable proportion of fresh water. As the level of the water in the tank finally recedes from below the center of the float valve, the latter drops by its own weight back upon the pipe, and the discharge of water from the tank now ceases, whereas the supply of fresh water to the tank continues, and the more water there is being added to the tank the more securely will the float valve be pressed down upon its seat. As soon as the water reaches to the level of the overflow pipe the float rises to its normal position, and lifting the lever raises the valve to its seat, and stops further inflow of water.”.
There are six claims for various combinations of these parts, the first of which (claimed, among others, to be infringed) is for:
“The combination of the tank, having outlet pipe and inlet pipe, the inlet pipe being of less diameter than the outlet pipe, with the balanced float valve, *518 rod, and lever, all arranged so that the float valve will be held to its seat by the weight of water above, and, when raised into a full supply of water, held off its seat by the water below it, substantially as described.”
The statute (section 4887) provides:
“But every patent granted for an invention which has previously been patented in a foreign country shall be so limited as to expire at the same time with the foreign patent.”
The identity of invention patented required by the statute is of material substance, and does not extend to minor details. Siemens’ Adm’r v. Sellers, 123 U. S. 276, 8 Sup. Ct. 117. Open tanks, containing floats connected with inlet valves or spindles for opening them with falling, and closing them with rising, water, and an overflow, appear to have been long known before this invention, as is well shown by the admission in the Canadian patent and otherwise. What Robertson invented appears to have been the balanced float attached to the valve or spindle of an outlet larger than the inlet, which, when in place, is held down by the water, closing the outlet, and, when raised, is floated, letting water out, till the falling water lets it again down to place. In a closed tank no overflow could be used; in an open one, it would be necessary. The Canadian patent is for this balanced float valve, in combination with other parts, in a tank for intermittent supply; and the United States patent is for the same thing, in various combinations with other parts in such a tank. They appear to be for the same invention, in substance, and by the expiration of the former the latter was ended. Bill dismissed.